IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

ODELIN MONTAS,

      Petitioner,

v.

TRACY JOHNS,

      Respondent.

CIVIL ACTION NO.: 5:19-cv-4

FILED
Scott L. Poff, Clerk
United States District Court

*By mgarcia at 4:08 pm, Oct 24, 2019*

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Odelin Montas ("Montas"), who is housed at D. Ray James Correctional Facility in Folkston, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. Doc. 1. Respondent filed a Motion to Dismiss, and Montas filed a Response. Docs. 8, 10. Montas also filed a Motion for Sanctions. Doc. 11. For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DENY as moot** Montas's Petition, and **DISMISS without prejudice** Montas's Motion for Sanctions and civil rights claims. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and **CLOSE** this case and **DENY** Montas *in forma pauperis* status on appeal.

## BACKGROUND

Montas filed his Petition on January 17, 2019. Doc. 1. In his Petition, Montas contends he was wrongfully charged and sanctioned by a non-Bureau of Prisons' ("BOP") staff member due to an allegation he possessed a cell phone, which was later changed to attempt to possess a cell phone. Id. at 2. Montas asks that the imposed sanctions be vacated, the incident report

dismissed, and that his good conduct time be restored.  Id. at 7.  After Montas paid the requisite filing fee and the stay imposed due to federal appropriations was lifted, this Court directed service of Montas's Petition upon Respondent on February 1, 2019.  Docs. 2, 3.

Respondent filed a Motion to Dismiss, claiming the BOP has expunged Montas's record and restored Montas's good conduct time on March 22, 2019.  Doc. 8 at 1.  Thus, Respondent asserts Montas's Petition is moot and should be dismissed because the BOP has granted his requested relief.  Id. at 2.

In his Response to the Motion to Dismiss, which was also filed separately as a Motion for Sanctions, Montas does not refute Respondent's assertion that the BOP has granted his requested relief.  Docs. 10, 11.  Instead, Montas seeks to bring a civil rights action with an attendant request for monetary "sanctions" against the BOP.  Id.

## DISCUSSION

**I.  Whether Montas's Petition is Moot**

Article III of the Constitution "extends the jurisdiction of federal courts to only 'Cases' and 'Controversies.'"  Strickland v. Alexander, 772 F.3d 876, 882 (11th Cir. 2014).  This "case-or-controversy restriction imposes" what is "generally referred to as 'justiciability' limitations."  Id.  There are "three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement."  Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted).  Regarding the mootness strand, the United States Supreme Court has made clear that "a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'"  Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (internal citation omitted).

Accordingly, "[a]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotation marks omitted). Questions of justiciability are not answered "simply by looking to the state of affairs at the time the suit was filed. Rather, the Supreme Court has made clear that the controversy 'must be extant at all stages of review, not merely at the time the complaint is filed.'" Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1189–90 (11th Cir. 2011) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)).

The BOP expunged the challenged incident report and restored Montas's lost good conduct time. Doc. 8-1 at 3–4. As Montas only requests the expungement of the disciplinary report and reinstatement of lost good-conduct time, there is no longer a "live controversy" over which the Court can give meaningful relief. Friends of Everglades, 570 F.3d at 1216. Accordingly, the Court should **GRANT** Respondent's Motion to Dismiss and **DENY as moot** Montas's Petition for Writ of Habeas Corpus.

**II.     Whether Montas can Pursue his Civil Rights Claims in this Habeas Action**

Montas responded to the Motion to Dismiss. Doc. 10. Rather than offer a refutation of the assertions of the Motion to Dismiss, Montas wishes to bring an Eighth Amendment and due process claims against the BOP based on the alleged violation of his rights resulting from the disciplinary proceedings. Id. at 1, 3; Doc. 11 at 1, 3. However, Montas cannot bring any such claims in his § 2241 Petition. Rather, Montas's claims should ordinarily be brought pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). The distinction between claims which may be brought under Bivens and those which must be brought as habeas petitions is reasonably well-settled. Claims in which prisoners challenge the

3

circumstances of their confinement are civil rights actions, not habeas corpus actions. See, e.g., Hill v. McDonough, 547 U.S. 573, 579 (2006); Gorrell v. Hastings, 541 F. App'x 943, 945 (11th Cir. 2013). Habeas actions, in contrast, explicitly or by necessary implication, challenge a prisoner's conviction or the sentence imposed on him by a court (or under the administrative system implementing the judgment). Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). For example, when a prisoner makes a claim that, if successful, could shorten or invalidate his term of imprisonment, the claim must be brought as a habeas petition, not as a civil rights claim. See, e.g., Edwards v. Balisok, 520 U.S. 641 (1997); Heck v. Humphrey, 512 U.S. 477 (1994).

Montas cannot bring the civil rights claim he asserts via a habeas petition. Such claims concern the conditions of his confinement and are not cognizable under § 2241. Montas seeks recovery for time lost with his daughter and monetary sanctions. Doc. 10 at 1; Doc. 11 at 1. But Montas's requested relief does not fall within the purview of § 2241, which he seems to recognize. Doc. 10 at 5; Doc. 11 at 5 (section entitled "Complaint for Damages Under 42 U.S.C. § 1983"). Accordingly, I **RECOMMEND** the Court **DISMISS without prejudice** Montas's civil rights claims and his Motion for Sanctions.

### III.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Montas leave to appeal *in forma pauperis*. Though Montas has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective

standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of the filings in this case, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Montas *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DENY as moot** Montas's Petition, **DISMISS without prejudice** Montas's civil rights claims and Motion for Sanctions, and **DIRECT** the Clerk of Court to **CLOSE** this case and to enter the appropriate judgment of dismissal.  I further **RECOMMEND** the Court **DENY** Montas leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein.  28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served

5

upon all other parties to the action.  Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Montas and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 24th day of October, 2019.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA